FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-cv-05065-SMJ <br><br> **ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11 & 13. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of his applications for social security benefits. ECF No. 3. Plaintiff contends the ALJ erred by (1) improperly rejecting the opinions of Plaintiff's acceptable medical sources, (2) improperly rejecting the opinions of Plaintiff's 'other sources,' (3) improperly assessing Plaintiff's subjective claims about his symptoms, (4) improperly assessing the severity of Plaintiff's impairments, (5) improperly finding Plaintiff's impairments do not meet or equal listed criteria, and (6) improperly finding Plaintiff can adjust to light work and asking the vocational expert an incomplete hypothetical question about Plaintiff's functional limitations. The Commissioner of the Social Security Administration

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 1

("SSA") asks the Court to affirm the ALJ's decision. ECF No. 7.

After reviewing the record and relevant legal authorities, the Court is fully informed. For the reasons set forth below, the Court reverses the ALJ's decision and therefore grants Plaintiff's motion and denies the Commissioner's motion.

## I. BACKGROUND[1]

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on January 7, 2014 and July 5, 2016, respectively. AR[2] 18. In each application, Plaintiff alleged disability beginning October 29, 2011. AR 18. The SSA denied Plaintiff's claims initially and upon reconsideration, and Plaintiff requested a hearing. AR 18. A video hearing occurred on October 25, 2016. AR 18. Plaintiff appeared in Kennewick, Washington and ALJ Kimberly Boyce presided over the hearing from Seattle, Washington. AR 18. The ALJ issued a decision unfavorable to Plaintiff. AR 15–31. The SSA Appeals Council denied Plaintiff's request for review. AR 1.

## II. ALJ FINDINGS[3]

At step one, the ALJ found Plaintiff has not engaged in substantial gainful

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.
[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, which appears at ECF Nos. 8 through 8-8.
[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 19–20, and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process here.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 2

activity since October 29, 2011. AR 20. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease (status post L4–L5 laminectomy) and chronic obstructive pulmonary disease. AR 20. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 23. At step four, the ALJ found Plaintiff has the residual functional capacity to perform light work with certain limitations. AR 23. Further, at step four, the ALJ found Plaintiff is unable to perform any past relevant work. AR 30. Finally, at step five, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity. AR 30. Accordingly, the ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, since October 29, 2011. AR 31.

## III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere

scintilla but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Yet, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

## IV. ANALYSIS

**A. The ALJ committed legal error and failed to give specific and legitimate reasons, supported by substantial evidence, for rejecting two opinions from Plaintiff's treating physicians.**

"The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (alteration in original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are

supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198).

On March 12, 2014, treating physician Meneleo T. Lilagan, MD opined Plaintiff would be limited to sedentary work for six months because his chronic lower back pain caused moderate limitation in, or significant interference with, his ability to stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 589–94. On January 5, 2015, treating physician Raymond H. Sjerven, DO opined Plaintiff would be limited to sedentary work for ninety-nine months because his failed back and chronic pain caused marked limitation in, or very significant interference with, his ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 599–601, 787–89. The ALJ did not discuss either Dr. Lilagan's 2014 opinion or Dr. Sjerven's 2015 opinion. AR 18–31.

Plaintiff argues the ALJ erred by failing to consider or even acknowledge Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion. ECF No. 11 at 8–11. The Court agrees. An ALJ must evaluate every medical opinion he or she receives, regardless of its source. 20 C.F.R. §§ 404.1527(c), 416.927(c). An ALJ errs if he or she ignores and fails to even mention a medical opinion in the record. *Marsh v. Colvin*, 792 F.3d 1170, 1172–1173 (9th Cir. 2015); *Garrison*, 759 F.3d at 1012–13.

The Commissioner argues the ALJ either did not err or committed harmless error because Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion were similar to and cumulative of other medical opinions the ALJ rejected. ECF No. 13

at 8–9, 11–12. Thus, the Commissioner asks the Court to infer what reasons the ALJ might have given for rejecting Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion. *See id.* But the Court may not affirm an ALJ's decision on a ground upon which he or she did not rely. *See Garrison*, 759 F.3d at 1010. The Court may only review the reasons an ALJ provides in his or her decision. *Id.* Here, the ALJ gave no reason, let alone a specific and legitimate reason supported by substantial evidence, for rejecting Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion. *See Marsh*, 792 F.3d at 1172–73. The Court may not justify the ALJ's decision based on *post hoc* rationalizations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009).

The Court cannot conclude the ALJ's error was "inconsequential to the ultimate nondisability determination." *Marsh*, 792 F.3d at 1173 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). On the contrary, the Court must treat the error as harmful because a reasonable ALJ, after fully crediting Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion, could find Plaintiff disabled and, thus, overlooking that evidence produced a substantial likelihood of prejudice. *See id.*

Plaintiff requests remand for an award of benefits. ECF No. 11 at 8–11, 21. But the ALJ's failure to evaluate Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion left a record with unresolved conflicts and ambiguities. This error requires

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 6

remand for further administrative proceedings so the ALJ can weigh Dr. Lilagan's 2014 opinion and Dr. Sjerven's 2015 opinion in the first instance. *See Marsh*, 792 F.3d at 1173. The Court remands this case to the ALJ because the record has not been fully developed, outstanding issues must be resolved before a disability determination can be made, and further administrative proceedings would be useful to remedy the identified defects. *See Leon v. Berryhill*, 880 F.3d 1041, 1045–47 (9th Cir. 2017).

**B.  The ALJ must reevaluate the other opinions from Plaintiff's acceptable medical sources.**

Plaintiff argues the ALJ erred in rejecting the opinions of his acceptable medical sources, namely his two treating physicians and one examining physician, in favor of the opinions of one examining physician and one nonexamining consultant. ECF No. 11 at 7–12.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (quoting *Lester*, 81 F.3d at 830). "While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the

opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Id.*

"The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo*, 871 F.3d at 675 (alteration in original) (quoting 20 C.F.R. § 404.1527(c)(2)); *accord* 20 C.F.R. § 416.927(c)(2). "When a treating physician's opinion is not controlling, it is weighted according to factors [set forth in 20 C.F.R. §§ 404.1527(c)(2)–(6) and 416.927(c)(2)–(6)]." *Trevizo*, 871 F.3d at 675. Relevant factors include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability by medical evidence and the quality of explanation provided, and consistency with the record as a whole. §§ 404.1527(c)(2)–(4), 416.927(c)(2)–(4); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Additional factors include the amount of understanding of the SSA's disability programs and their evidentiary requirements, and the extent of familiarity with other information in the claimant's case record. §§ 404.1527(c)(6), 416.927(c)(6); *Orn*, 495 F.3d at 631.

Again, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and

legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675 (quoting *Ryan*, 528 F.3d at 1198). But "the opinions of nonexamining doctors 'cannot by [themselves] constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.'" *Revels*, 874 F.3d at 664 (alteration in original) (quoting *Lester*, 81 F.3d at 831). "When a treating provider's opinion is not entitled to 'controlling weight' because of substantial contradictory evidence, that opinion is still 'entitled to deference' based on factors [set forth in 20 C.F.R. §§ 404.1527(c)(2)–(6) and 416.927(c)(2)–(6)]." *Id.* (quoting *Orn*, 495 F.3d at 632–33).

In *Trevizo*, the Ninth Circuit concluded an ALJ's "outright rejection" of a treating physician's opinion was "legally erroneous" because the ALJ "fail[ed] to apply the appropriate factors in determining the extent to which the opinion should be credited." 871 F.3d at 676. Though the ALJ suggested the treating physician's opinion was inconsistent with other substantial evidence in the claimant's case record, such that it should not be given controlling weight, the ALJ did not consider the factors set forth in 20 C.F.R. § 404.1527(c)(2)–(6) and 416.927(c)(2)–(6), "such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion." *Id.* The Ninth Circuit noted "[t]his failure alone constitutes reversible legal error." *Id.*

In a series of twenty-eight reports, treating physician Bruce E. Wardlay, DO

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 9

opined that, following an October 29, 2011 work injury, Plaintiff could not return to work between November 16, 2011 and February 25, 2013, when he relocated from Texas to Washington state. AR 378–82, 385–408; *see also* AR 352–377, 409–14. Dr. Wardlay consistently cited Plaintiff's decreased range of motion, strength, and functioning as the reason for his inability to work. AR 378–82, 385–408.

On April 3, 2012, examining physician Jerry Morris, MD confirmed Plaintiff's injury was "permanent in nature," making it unlikely he would significantly improve over the next twelve months. AR 276; *see also* AR 270–77, 383–84. Dr. Morris determined Plaintiff had "adverse physical, functional and occupational related deficits that adversely affect[ed] his ability to return to any work duties at this time." AR 276.

On August 13, 2012, examining physician W. Phillip Osborne, MD opined Plaintiff could perform light work because he could easily lift twenty-five pounds; occasionally lift ten pounds; stand or walk at least two hours at a time; occasionally bend, stoop, squat, and kneel; and regularly use his hands and feet for fine motor control. AR 287, 310.

On March 12, 2014, treating physician Dr. Lilagan opined Plaintiff would be limited to sedentary work for six months because his chronic lower back pain caused moderate limitation in, or significant interference with, his ability to stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 589–94.

On July 23, 2014, treating physician Dr. Sjerven opined Plaintiff would be limited to sedentary work for six months because his chronic back pain caused marked limitation in, or very significant interference with, his ability to lift, carry, handle, push, pull, reach, stoop, and crouch. AR 511–13, 596–98.

On October 21, 2014, nonexamining consultant Gordon Hale, MD opined Plaintiff could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, stand or walk for a total of two hours in an eight-hour day, and sit for a total of six hours in an eight-hour day without limitations on pushing or pulling hand or foot controls. AR 89.

On January 5, 2015, treating physician Dr. Sjerven opined Plaintiff would be limited to sedentary work for ninety-nine months because his failed back and chronic pain caused marked limitation in, or very significant interference with, his ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 599–601, 787–89.

On October 4, 2016, treating physician Dr. Sjerven reaffirmed that Plaintiff would be limited to sedentary work for at least one year due to the symptoms associated with his cervical and lumbar radiculopathy. AR 777–79.

The ALJ gave great weight to the opinions of examining physician Dr. Osborne and nonexamining consultant Dr. Hale. AR 28. But the ALJ gave little weight to the opinions of treating physician Dr. Sjerven, treating physician Dr.

Wardlay, and examining physician Dr. Morris. AR 28–29. And, the ALJ failed to evaluate the two treating physician opinions discussed above.

In assigning little weight to the opinions of Plaintiff's acceptable medical sources, the ALJ failed to apply the appropriate factors for determining the extent to which those opinions should be credited. While the ALJ identified reasons why those opinions should not receive controlling weight, they were still entitled to deference based on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)–(6) and 416.927(c)(2)–(6). But the ALJ did not discuss those factors. The Court doubts the correctness of the ALJ's assessment that the opinions of one examining physician and one nonexamining consultant deserve greater weight than the opinions of Plaintiff's two treating physicians and one examining physician. That assessment is even more dubious in the context of the ALJ's failure to evaluate the two treating physician opinions discussed above. Considering the previously-overlooked treating physician opinions may change the ALJ's assessment of the other opinions from Plaintiff's acceptable medical sources. Having already decided remand is necessary, the Court therefore instructs the ALJ to reevaluate the opinions of Plaintiff's acceptable medical sources in light of the entire record.

**C.     The ALJ must reevaluate the opinions of Plaintiff's 'other sources.'**

Plaintiff argues the ALJ erred in rejecting the opinions of his 'other sources,' namely his treating chiropractor and mother. ECF No. 11 at 12–13, 15–16.

In addition to the opinions of acceptable medical sources, an ALJ must also consider opinions from "other sources," including medical providers such as chiropractors and nonmedical sources such as parents. 20 C.F.R. §§ 404.1513(d)(1), (4), 416.913(d)(1), (4) (2016). "Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina*, 674 F.3d at 1114. "[A]n ALJ may give less deference to 'other sources' only if the ALJ gives reasons germane to each witness for doing so." *Revels*, 874 F.3d at 655.

For medical providers such as chiropractors, an ALJ should consider

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;
- How well the source explains the opinion;
- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other factors that tend to support or refute the opinion.

Soc. Sec. Ruling 06-03p, *available at* 2006 WL 2329939, at *4–5. And, an ALJ should generally discuss these factors in his or her decision. *Id.* at *6. For nonmedical sources such as parents, an ALJ should consider "the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." *Id.* And again, an ALJ should generally discuss these factors in his or her decision. *Id.*

In a series of eight reports, treating chiropractor Theodore W. Chan, DC opined that Plaintiff could not perform any work between February 25, 2013 and March 31, 2014. AR 427–45. On February 27, 2014, Plaintiff's mother, Bertha L. Strong, provided her observations on his day-to-day life and opined on the extent of his limitations. AR 204–11. The ALJ gave little weight to Dr. Chan's opinion and gave partial weight to Strong's opinion. AR 25, 28–29.

Again, in assigning little weight to the opinions of Plaintiff's 'other sources,' the ALJ failed to apply the appropriate factors for determining the extent to which those opinions should be credited. And again, the Court doubts the correctness of the ALJ's assessment that the opinions of one examining physician and one nonexamining consultant deserve greater weight than the opinions of Plaintiff's treating chiropractor and mother. Considering the previously-overlooked treating physician opinions, and reconsidering the remaining acceptable medical source opinions, may change the ALJ's assessment of Plaintiff's 'other source' opinions. Having already decided remand is necessary, the Court therefore instructs the ALJ to reevaluate the opinions of Plaintiff's 'other sources' in light of the entire record.

**D.     The ALJ must reevaluate Plaintiff's subjective claims about his symptoms.**

Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, an ALJ "must give specific, clear and

convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Diedrich*, 874 F.3d at 641 (quoting *Molina*, 674 F.3d at 1112). A finding that the claimant's testimony is not credible must be sufficiently specific to allow the Court to conclude the ALJ rejected it on permissible grounds and did not discredit it arbitrarily. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Plaintiff argues the ALJ erred in assessing his subjective claims about his symptoms. ECF No. 11 at 16–18. Having already decided remand is necessary, the Court need not reach this issue. Considering the previously-overlooked treating physician opinions, and reconsidering the remaining acceptable medical source opinions and 'other source' opinions, may change the ALJ's assessment of Plaintiff's subjective symptom claims. The Court therefore instructs the ALJ to reevaluate Plaintiff's subjective claims about his symptoms in light of the entire record.

**E.      The ALJ must reevaluate the severity of Plaintiff's impairments.**

At step two, a claimant has the burden of establishing that he or she suffers from a severe, medically determinable impairment or combination of impairments.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 15

*Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

An impairment is medically determinable if it "result[s] from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1508, 416.908 (2016); *see also* 20 C.F.R. §§ 404.1521, 416.921. A medically determinable impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." §§ 404.1508, 416.908.

A medically determinable impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b) (2016).

Plaintiff argues the ALJ erred in assessing the severity of his impairments. ECF No. 11 at 13–14. Having already decided remand is necessary, the Court need

not reach this issue. Considering the previously-overlooked treating physician opinions, and reconsidering the remaining acceptable medical source opinions, 'other source' opinions, and subjective symptom claims, may change the ALJ's assessment of the severity of Plaintiff's impairments. The Court therefore instructs the ALJ to reevaluate the severity of Plaintiff's impairments in light of the entire record.

**F.      The ALJ must reevaluate whether Plaintiff's impairments meet or equal listed criteria.**

At step three, a claimant has the burden of establishing that his or her impairments meet or equal the criteria of an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1. *Molina*, 674 F.3d at 1110; §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The Listing of Impairments "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a) (2016).

Listing 1.04A applies to spine disorders "resulting in compromise of a nerve root" along with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and . . . positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

Plaintiff argues the ALJ erred in finding his impairments do not meet or equal Listing 1.04A. ECF No. 11 at 14–15. Having already decided remand is necessary, the Court need not reach this issue. Considering the previously-overlooked treating physician opinions, and reconsidering the remaining acceptable medical source opinions, 'other source' opinions, and subjective symptom claims, may change the ALJ's assessment of whether Plaintiff's impairments meet or equal listed criteria. The Court therefore instructs the ALJ to reevaluate whether Plaintiff's impairments meet or equal listed criteria in light of the entire record.

**G.     The ALJ must reevaluate whether Plaintiff can adjust to light work.**

At step five, an ALJ must consider whether a claimant can adjust to other work. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). The Commissioner has the burden to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his or her] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (first alteration in original) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). "Hypothetical questions posed to a [vocational expert] must 'set out *all* the limitations and restrictions of the particular claimant . . . .'" *Bray*, 554 F.3d at 1228 (omission in original) (quoting *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991)). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant

can perform jobs in the national economy.'" *Id.* (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

Plaintiff argues the ALJ erred in finding he can adjust to light work and asking the vocational expert an incomplete hypothetical question about Plaintiff's functional limitations. ECF No. 11 at 18–20. Having already decided remand is necessary, the Court need not reach this issue. Considering the previously-overlooked treating physician opinions, and reconsidering the remaining acceptable medical source opinions, 'other source' opinions, and subjective symptom claims, may change the ALJ's assessment of whether Plaintiff can adjust to light work, what medical-vocational rule applies, and what functional limitations must be accounted for in a hypothetical question. The Court therefore instructs the ALJ to reevaluate whether Plaintiff can adjust to light work in view of the entire record.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The ALJ's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk's Office is directed to **ENTER JUDGMENT** in Plaintiff's favor.

5. All pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 12th day of February 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 20